**YING ZHU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72739.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Ying Zhu, Rosemead, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sada Manickam, Esq. U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Ying Zhu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision that adopted and affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996), and we deny the petition.

Even assuming that Zhu is credible, her father's arrest for building a church without proper legal authorization, absent evidence that his arrest was motivated by a protected ground, is insufficient to compel the conclusion that his arrest occurred on account of a protected ground. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109 (9th Cir.2000). Substantial evidence supports the BIA's finding that Zhu failed to show that her fear of future persecution is objectively reasonable because she has presented no evidence to show that the Chinese government would persecute her simply because she is a Christian. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because Zhu failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

Because Zhu failed to show that it is more likely than not that she would be subject to torture if returned to China, substantial evidence supports the denial of CAT relief. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

